UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24776-BLOOM/Elfenbein

CRAIG VANNESS,

    Plaintiff,

v.

MARK GLASS and
DENNIS WARD,

    Defendants.
_____/

## ORDER DISMISS COMPLAINT AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Craig Vanness' Complaint, ECF No. [1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion"), ECF No. [4]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case and includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). The Court has reviewed the Complaint, the Motion, the record, and is otherwise fully

advised. For the reasons stated below, the Complaint is dismissed without prejudice, and the Motion is denied as moot.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The concern with shotgun pleadings is that they do not establish a connection between "the substantive count and the factual predicates…[and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun

pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

The Complaint is a quintessential shotgun pleading in violation of Rule 8(a)(2). The Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action or any particular defendant. Plaintiff seeks 500 billion dollars in Damages for "knowingly continuing punishment" and 500 billion in damages from Dennis Ward for "ignoring civil rights now that I've notified them." ECF No. [1] at 6. In support the Complaint states as follows:

Plaintiff "came to Fl[orida] [and] asked if [he] had to register" to which the state of Florida allegedly said yes and made him register.[1] *Id.* Plaintiff claims this was wrongful and constituted impermissible continuing punishment because he has already proven he was innocent and that he was maliciously prosecuted for the underlying offense.[2] *See id.* The Complaint then goes on to allege "I fled a lawless place after getting all my motions on record in Shasta county[;] they ignored civil rights." *Id.*

Plaintiff continues by alleging that "on or about [December 13, 1999], I was illegally seized when a warrant was served on Thomas Dale Franklin for cars keys[,] cars parts[, and a] car stereo[]." According to Plaintiff, more than 20 years ago, he "was arrested and maliciously charged with [possession of a] elec[tronic] device [without a] serial number[,] and unlawful sex with [a] minor 15 [years old]." *Id.* He claims he "returned to figure case out [and] prove [his] innocents" because it was "impossible to ha[ve] sex [with the alleged victim] when she was 15." *Id.* Plaintiff

---

[1] Based on the Court's reading of the Complaint, it appears that when Plaintiff says he was forced to "register" he means he was forced to register as a sex offender.

[2] The allegation that he has proven his innocence appears to be contradicted by Plaintiff's request in the Complaint that his underlying convictions be reversed because the convictions were a product of malicious prosecutions.

3

asserts "he was charged maliciously in [Reno, Nevada] and wrongfully put in NCIC computer." *Id.*

Then, in 2014, Plaintiff moved to Florida and purportedly wrote a letter to the state "asking why [he] had to register [and] they said [Nevada.]" Plaintiff contends that he should not have to register because there was no crime in Nevada and that registration in Nevada was additional punishment for a crime in California. *See id.* at 5. Plaintiff contends that his "life was ruined" as a result of the alleged 4th Amendment and Sixth Amendment violations and that he has suffered damages as a result of the multiple malicious prosecutions over the years and his picture being posted on the Florida Department of Law Enforcement ("FDLE") website. *See id.*

It is unclear how the foregoing supports any of the claims asserted against Defendants. Indeed, Defendants were not mentioned at any point in the statement of the claim let alone what specific conduct Defendants engaged in that amounted to a constitutional violation. This is precisely the kind of shotgun pleading that the Eleventh Circuit has repeatedly condemned, producing a situation in which the counts are "replete with factual allegations [and legal conclusions] that could not possibly be material to [Defendants]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). The lack of clarity and specificity as to the wrongful conduct makes it impossible for Defendants to meaningfully respond to the allegations contained in the Complaint. Accordingly, the Court is "unwilling to address and decide serious [ ] issues on the basis of this [C]omplaint." *Id.* (alterations added).

I.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ECF No. [4] is **DENIED as MOOT**.

Case No. 24-cv-24776-BLOOM/Elfenbein

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 20, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Craig Vanness
5537 College Rd
Key West, FL 33040
*Pro Se*